UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOLLY THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00209-TWP-DML |
| SHOSHONE TRUCKING, LLC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ENTRY GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Partial Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendant Shoshone Trucking, LLC. ("Shoshone") (Filing No. 41). After her employment with Shoshone ended, Plaintiff Holly Thomas ("Thomas") sued Shoshone under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 28 U.S.C. § 2000e and 42 U.S.C. § 1981A, for sexual harassment and retaliation. (Filing No. 14). Shoshone moves for partial summary judgment as a matter of law because Thomas' claims are subject to Title VII's $50,000 damages cap. For the following reasons, the Court **grants** Shoshone's Motion for Partial Summary Judgment.

## I.  BACKGROUND

Federal Rule of Civil Procedure 56, requires that the facts are presented in the light most favorable to the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, here, Thomas did not respond in opposition to the Motion for Partial Summary Judgment. Instead, he has conceded Shoshone's statement of material facts not in dispute. (Filing No. 51).

Shoshone provides dump trucks and drivers for construction projects around the state of Indiana, primarily hauling asphalt or other materials for highway construction projects, and its office is in Peru, Indiana. (Filing No. 41-1 at 6,7,16.)  Rochelle Bowyer ("Boyer") and Ryan Barkell ("Barkell") started Shoshone in November 2009, but Theresa Pendleton ("Pendleton") bought out Barkell, and Bowyer later bought out Pendleton, so Bowyer has been Shoshone's sole owner since on April 1, 2019. *Id*. at 9. Shoshone is not, and never has been, a subsidiary of any other company; nor was it split off from an existing company. (42-2 at 2, ¶ 3.)

When this action was filed, Shoshone had 65 employees, and since its inception, Shoshone has never had more than 80 employees. (Filing No. 42-1 at 19), (Filing No. 42-2 at 2, ¶ 4.) Thomas does not know how many employees Shoshone has. (Filing No. 42-3 at 6.) Because highway work is seasonal, Shoshone employs drivers through the spring, summer, and fall, and lays off the drivers from December through the end of March. (Filing No. 42-1 at 7, 40.) While drivers are laid off for winter, they either find other jobs or collect unemployment.  *Id*. at 9, 33.) No other employees, including those of Kokomo Gravel, should be aggregated with Shoshone's employees for Title VII purposes. Shoshone and Kokomo Gravel are entirely separate and do not have a parent-subsidiary relationship; they do not share payroll processing; they do not share resources (trucks or drivers); they do not share facilities; they do not share HR policies or resources; they do not share a supervisory structure; and they do not have any employees in common. (Filing 42-2).

Thomas was terminated from her employment with Shoshone in June 2020. (Filing No. 14 at 3).  Thomas alleges that she was the victim of overt and intentional sexual harassment and that when she complained, her complaints were not investigated and she was retaliated against for filing an EEOC charge.  *Id*.  Shoshone denies the allegations and alleges Thomas was terminated for endangering other drivers and abandoning work assignments.  (Filing No. 17.) In December

2020, Thomas filed an Amended Complaint seeking both compensatory and punitive damages under Title VII of the Civil Rights Act of 1964 (i) based on a hostile work environment (sexual harassment), and for retaliation. (Filing No. 14.) On October 21, 2021, Shoshone moved for partial summary judgment asserting that Thomas' damages are subject to Title VII's $50,000.00 damages cap. As noted above, Thomas did not timely respond in opposition to the Motion, instead on December 14, 2021 he filed a belated notice that he concedes to the cap. (Filing No. 51).

## II.     SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. DISCUSSION

There are limits on the amount of compensatory and punitive damages a person can recover when bringing an action under Title VII. These limits vary depending on the size of the employer. Pursuant to 42 U.S.C. 1981(a);

> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—
>
> in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000.

Title 42 U.S.C. 1981(a)(3)(A).

In seeking partial summary judgment, Shoshone asserts that it currently has about 65 employees and has never had more than 80 employees. This assertion is undisputed. Therefore, summary judgment on the issue of the damages cap in § 1981(a) is appropriate. The Court finds as a matter of law that Thomas' claims are subject to Title VII's $50,000.00 damages cap.

### IV. CONCLUSION

For the reasons stated above, Defendant Shoshone Trucking, LLC.'S Motion for Partial Summary Judgment (Filing No 41) is **GRANTED**.

4

**SO ORDERED.**

Date: 12/28/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark R. Waterfill
mark@waterfilllaw.com

Cheyna Galloway
JACKSON LEWIS PC (Indianapolis)
cheyna.galloway@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com

Michael Padgett
JACKSON LEWIS PC (Indianapolis)
michael.padgett@jacksonlewis.com