UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HOLLY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00209-TWP-DML |
| ) | |
| SHOSHONE TRUCKING, LLC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
ORDER ON DEFENDANT'S MOTION TO STRIKE**

This matter is before the Court on Plaintiff Holly Thomas' ("Thomas") Objection to Magistrate Judge's Order Granting Defendant's Motion to Strike Plaintiff's IIED Claim (Filing No. 43). The issues underlying this Motion have been briefed by the parties. Having reviewed the Magistrate Judge's Order, (Filing No. 40), as well as the objections and briefing of the parties, the Court **overrules** Thomas' objections and **adopts** the Magistrate Judge's Order in its entirety.

**I.  THOMAS' OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Thomas objects to the Magistrate Judge's Order granting Shoshone Trucking, LLC's ("Shoshone") Motion to Strike her claim for intentional infliction of emotional distress ("IIED"). (Filing No. 43 at 3.) In her Amended Complaint (Filing No. 14). To establish a claim of IIED, a plaintiff must prove by a preponderance of the evidence "that the defendant: (1) engage[d] in extreme and outrageous conduct (2) which intentionally or recklessly (3) cause[d] (4) severe emotional distress to another." *Westminster Presbyterian Church of Muncie v. Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013). It is not sufficient for a plaintiff to allege that she suffered severe distress because of the defendant's actions; her factual allegations must make plausible that the defendant intended by its actions to bring severe emotional harm to the plaintiff. *Id*. at *10.

In her Amended Complaint, (Filing No. 14), Thomas alleges that she "experienced severe emotional distress and is in fear for her safety," and that "Defendant's actions have been outrageous, justifying both compensatory and punitive damages in favor of Plaintiff, who has suffered from emotional distress as a result of the Defendant's conduct." *Id*. In her objection, Thomas points out that he has also alleged, "among other horrendous words and actions, her supervisor lifted her shirt in a sexual assault, attempting to grab her breasts, in the middle of the workplace." (Filing No. 43 at 3.) Thomas argues that this was sufficient to allege outrageous behavior. *Id.* The Magistrate Judge disagreed.

In granting Shoshane's Motion to strike Thomas IIED claim, The Magistrate Judge stated

> While perhaps Ms. Thomas's allegations could state a plausible claim for IIED against supervisor Birkshire, who is alleged to have participated in the constant taunts on the CB radio, and then escalating harassment after she complained to the company president by attempting to lift up her shirt and threatening to make false complaints to Child Protective Services, Ms. Thomas has not sued Birkshire or any of her coworkers. She sued only the employer, and she has not alleged any facts suggesting that Birkshire was an alter ego of the company or that the company authorized his specific conduct. See *Reiber v. Mathew*, 271 F. Supp. 3d 968, 985-86 (N.D. Ind. 2017).

(Filing No. 40 at 4.) Additionally, the Magistrate Judge pointed out that Thomas' emotional distress allegations were directly tied to the damages she was seeking and had maintained that the Court's jurisdiction over her claims was solely based on federal question jurisdiction. *Id.* at 5-6.

The Under Federal Rule of Civil Procedure 72(b), the District Court reviews the Magistrate Judge's recommended disposition *de novo*. Having reviewed the Magistrate Judge's Order on Shoshone's Motion to Strike, the Court hereby **adopts** the opinion as its own. The Court agrees with the Magistrate Judges analysis. Thomas' Objection attempts to restate the arguments outlined in her briefing on the Motion to Strike, however, she has not addressed or attempted to refute that she has consistently maintained that the Court's jurisdiction is based solely on her Title VII claims.

In her Objection, Thomas asserts she "should be allowed to take discovery and pursue" the IIED claim based on exploring the intent of Shoshone.  (Filing No. 43 at 4.)  The discovery cutoff date was August 6, 2021, this matter is scheduled for final pretrial conference on May 11, 2022 and trial by jury on June 6, 2022. If Thomas had been pursuing an IIED claim against Shoshone all along, she would not be seeking additional discovery at this very late date and she would have undoubtedly explored it during the prescribed discovery timeframe.  Accordingly, the Court **overrules** Thomas' objection and **adopts** the ruling set forth in the Magistrate Judge's Order. Shoshone's Motion to Strike (Filing No. 33) is **granted**.

## II.     CONCLUSION

For the reasons explained above, the Court **OVERRULES** Thomas' objections (Filing No. 43), and **ADOPTS** the Magistrate Judge's Order on Defendant's Motion to Strike (Filing No. 40). Accordingly, the Court **GRANTS** Shoshone Trucking, LLC's Partial Motion to Strike Plaintiff's Statement of Claims, (Filing No. 33).

**SO ORDERED.**

Date:  4/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com

Cheyna Galloway
JACKSON LEWIS PC (Indianapolis)
cheyna.galloway@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
michael.padgett@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com

4