UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HOLLY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00209-TWP-DML |
| ) | |
| SHOSHONE TRUCKING, LLC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTIONS *IN LIMINE*__**

This matter is before the Court on Defendant Shoshone Trucking, LLC's ("Shoshone Trucking") First and Second Motions *in Limine*. (Filing No. 81; Filing No. 82.) Plaintiff Holly Thomas ("Thomas") initiated this lawsuit against Shoshone Trucking for violating Title VII of the Civil Rights Act of 1964. The parties have stipulated over the issue of liability, and the remaining issues for the June 6, 2022 bench trial are Thomas' entitlement, if any, to back pay, front pay, and/or reasonable attorneys' fees. In anticipation of trial and according to the case management plan, Shoshone Trucking has moved the Court to rule on various evidentiary issues. For the following reasons, Shoshone Trucking's First Motion *in Limine* is **denied** and its Second Motion *in Limine* is **denied**.

### I.    LEGAL STANDARD

District courts maintain "broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. However, motions *in limine* are not as important in a bench trial as these types of concerns are lessened without the presence of a jury. *See United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary.").

Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means the court is unable to determine, before trial, whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II. DISCUSSION

Shoshone Trucking first seeks to exclude any evidence of Thomas' subsequent employment that was not provided during discovery. (Filing No. 81 at 1.) Shoshone Trucking argues that Thomas failed to provide her complete pay history from her subsequent employers, specifically Lyles Construction and Cornerstone Trucking LLC, until after discovery concluded and trial was only a few weeks away. *Id.* at 2-3. Additionally, it argues that Thomas never informed Shoshone Trucking that she was no longer working for Lyles Construction during discovery. *Id.* at 3. Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), Thomas had a duty to supplement or correct any of her discovery responses through the course of her case. *Id.* As she failed to do this, Shoshone Trucking asserts that under Federal Rule of Civil Procedure 37(c)(1), Thomas cannot

show that this withholding was justified or harmless, and she should not be allowed to use any of this undisclosed information at trial. *Id.*

In its second motion, Shoshone Trucking requests that Thomas be prevented from presenting evidence and argument at trial concerning computation of her alleged back pay and front pay damages. (Filing No. 82 at 1.) Shoshone Trucking argues that Thomas was required to provide a computation of all categories of her alleged damages based on Federal Rule of Civil Procedure 26(a)(1)(A)(iii). *Id.* While Thomas listed the categories of back pay and front pay in her initial disclosures, she never supplemented or provided a calculation of these damages, or supporting documents, pursuant to Rule 26(e)(1)(A). *Id.* at 2. Shoshone Trucking contends that Thomas failed to provide this information even after it was requested several times. *Id.*

In response, Thomas argues that Shoshone Trucking's information is inaccurate. (Filing No. 84 at 4.) Thomas contends that contrary to Shoshone Trucking's characterization, Shoshone Trucking was told that Thomas no longer worked for Lyles Construction at the February 22, 2022 settlement conference, including "that she lost that job due to no fault of her own, that she had a new job at Cornerstone, [and] that both jobs paid $22 per hour . . . ." *Id.* Thomas argues that even after she provided this information, Shoshone never sought additional discovery regarding her alleged damages. *Id.* She contends that all Shoshone Trucking did was send an email on March 21, 2022, asking for her "pay stubs through present, along with her W2(s) from 2021". *Id.* at 4-5. Thomas argues that, despite a short delay due to her giving birth to her child, she provided the requested documents by April 15, 2022. *Id.* at 5.

Thomas also argues that Shoshone Trucking has never objected to her initial disclosures or filed a motion for a more definite statement. (Filing No. 84 at 3.) Additionally, Thomas argues that she gave a response regarding her damages, including a calculation, in response to an

3

interrogatory request by Shoshone Trucking, which also was never objected to. *Id.* Finally, Thomas argues that until this Motion *in Limine*, Shoshone Trucking has not requested a discovery conference, a meeting with the Magistrate Judge to complain about this issue, or filed a motion to compel. *Id.*

Thomas' arguments are well-taken. The settlement conference between the parties took place on February 22, 2022. ([Filing No. 65](#).) At that time, Shoshone Trucking was made aware of Thomas' employment status with Lyles Construction and her new employment with Cornerstone Trucking LLC. Shoshone Trucking had several months in which it could have sought discovery related to this information. While the Court acknowledges that Thomas should have supplemented her initial disclosures and discovery responses under Rule 26, the question before this Court is whether the failure to supplement was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Thomas provides no justification for failing to supplement, so the Court must determine if it was harmless. Shoshone Trucking argues it was harmed because it "did not have the opportunity to discover why Plaintiff lost her position with Lyles Construction, thereby preventing Shoshone from supporting its defenses." ([Filing No. 81 at 4](#).) The Court disagrees. Shoshone Trucking had almost three months to seek this information. Additionally, after learning Thomas no longer worked at Lyles Construction, Shoshone Trucking did not seek information regarding the reason at the settlement conference, during a telephone conference between the parties a few days later, or when it emailed Thomas's counsel on March 21, 2022. If Shoshone Trucking felt that it would be genuinely harmed by this allege lack of disclosure, there was time available to correct this issue prior to trial.

Moreover, if she has not already done so, there is still time for disclosure since the trial is two weeks from today. Accordingly, the Court Orders that Thomas update her initial disclosures and discovery responses as required under Rule 26, by no later than **Wednesday, May 25, 2022**. As there appears to be no harm to Shoshone Trucking, there is no reason to exclude this evidence or argument at trial. Shoshone Trucking's Motions *in Limine* are **denied.**

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Shoshone Trucking's First Motion *in Limine* (Filing No. 81) and **DENIES** its Second Motion *in Limine* (Filing No. 82). The Court **ORDERS** that Thomas update her initial disclosures and discovery responses as required under Rule 26, by no later than **Wednesday, May 25, 2022**.

An order *in limine* is not a final, appealable order. If the parties believe that specific evidence not excluded by this Order becomes irrelevant or otherwise inadmissible during trial, counsel may object and alert the Court to their reasoning. Likewise, if the parties believe that specific evidence is admissible during trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED**.

Date: 5/23/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com

Cheyna Galloway
JACKSON LEWIS PC (Indianapolis)
cheyna.galloway@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
michael.padgett@jacksonlewis.com