UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| HOLLY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00209-TWP-DML |
| | ) | |
| SHOSHONE TRUCKING, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON THE PARTIES' OBJECTIONS TO
DAMAGES CLAIMS AND TRIAL EXHIBITS**

This matter is scheduled for a bench trial on damages on Wednesday, June 8, 2022. Before the Court are two sets of objections. The first is Defendant Shoshone Trucking, LLC's ("Shoshone Trucking") objections to portions of Plaintiff Holly Thomas's ("Thomas") updated damages calculation that was filed pursuant to the Court's order given during the final pretrial conference. (Filing No. 100.) The second is Thomas's objections to new exhibits listed in Shoshone Trucking's Second Amended Exhibit List. (Filing No. 101.) For the reasons outlined below, Shoshone's Trucking's objections are **sustained** and Thomas's objections are **overruled**.

I.    DISCUSSION

A.    **Shoshone Trucking's Objections to Thomas's Damages Calculation**

Shoshone Trucking objects to two specific portions of Thomas's updated damages calculation. The first is subpart three in which Thomas seeks $489.00 for attending a mandatory sexual harassment training that she claims Shoshone Trucking never reimbursed her for. (*See* Filing No. 95 at 1.) Shoshone Trucking argues that Thomas should not be allowed to pursue this claim as it was not included in Thomas's Amended Complaint (Filing No. 14), Statement of Claims (Filing No. 32), Initial Disclosures (Filing No. 82-1), or interrogatory answers (Filing No. 82-2).

([Filing No. 100 at 4](#).) Additionally, this alleged damage does not stem from the basis of Thomas's claim, which was being subjected to a hostile work environment and being retaliated against for complaining about the harassment. *Id.* Instead, Shoshone Trucking asserts that Thomas is now making a wage claim that falls outside the scope of her complaint and should be disregarded. *Id.*

Secondly, Shoshone Trucking objects to subpart twelve of the updated damages calculation in which Thomas seeks several forms of equitable relief including annual sexual harassment training and the hiring of a monitor to oversee compliance. ([Filing No. 95 at 2](#).) Shoshone Trucking argues that, like subpart 3, this specific type of equitable relief was not included in any previous filings of Thomas, including her Amended Complaint, Statement of Claims, Initial Disclosures, or interrogatory responses. ([Filing No. 100 at 5](#).) And Shoshone Trucking contends that because Thomas is not seeking reinstatement, any injunctive relief that does not affect Thomas personally is improper. *Id.*

The Court agrees with Shoshone Trucking. A review of Thomas's previous filings in this case gives no indication that she intended to make and seek damages for unpaid wages or that she sought any injunctive relief related to mandatory trainings and a monitor.[1] Under Federal Rule of Civil Procedure 37(c)(1), Thomas failed to provide this information pursuant to Rule 26 and has provided the Court with no evidence that the failure to disclose this information was either substantially justified or harmless. It would be unfair to Shoshone Trucking to allow Thomas to the add these claims so close to trial. Therefore, Shoshone Trucking's objections are **sustained**.

---

[1] In addition to annual sexual harassment training, Thomas also seeks equitable relief in the form of diversity training; however, Thomas has never asserted a race-based claim in any filings or appearances before the Court, which makes it unclear why Thomas now seeks it and provides no basis for the Court to allow this type of damages claim to proceed to trial.

B. <u>**Thomas's Objections to Shoshone Trucking's New Exhibits**</u>

Thomas objects to five exhibits that were added to Shoshone Trucking's Second Amended Exhibit List. In addition to arguing that these new exhibits were added after the case management deadline, Thomas argues the first two—Exhibits 209 and 210—are new exhibits that were never produced in discovery. ([Filing No. 101 at 1](#).) Thomas contends that the other three—Exhibits 213, 214, and 215—were never identified on Shoshone Trucking's Initial Disclosures, Statement of Defenses, discovery responses, or any preliminary or final witness list. *Id.* at 1-2.

In response, Shoshone Trucking argues that these five exhibits were added for rebuttal purposes only after Thomas indicated in her updated damages calculation that she would be making a claim that her wages should have been higher during her employment. ([Filing No. 102 at 1](#).) Shoshone Trucking contends that as it was not made aware of Thomas's damages claim until she filed it on May 25, 2022, there was no way that Shoshone Trucking could have reasonably anticipated needing these exhibits. *Id.* Additionally, Shoshone Trucking asserts that it had no obligation to disclose exhibits used for impeachment or rebuttal purposes in its Initial Disclosures or preliminary exhibits lists, did not need to disclose exhibits in its Statement of Defenses, and did not previously disclose some of the exhibits as Thomas never sought them during discovery. *Id.* at 2.

The Court again agrees with Shoshone Trucking. In deciding the previous motions *in limine* and as discussed during the final pretrial conference, the Court gave Thomas additional time in which to provide the specifics regarding the damages she was seeking. As this information was not provided to Shoshone Trucking until May 25, 2022, it is both understandable and expected that Shoshone Trucking would need to adjust its exhibit list to respond appropriately during trial. The Court sees no reason to exclude these exhibits and, therefore, Thomas's objections are

**overruled.** If Thomas believes that these exhibits are being used for an inappropriate purpose during trial, she may raise that objection at that time.

## II.  CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Shoshone Trucking's specific objections to subparts three and twelve of Thomas's updated damages calculation (Filing No. 100) and **OVERRULES** Thomas's objections to Shoshone Trucking's exhibits 209, 210, 213, 214, and 215 (Filing No. 101).

SO ORDERED.

Date: 6/3/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Cheyna Galloway
JACKSON LEWIS PC (Indianapolis)
cheyna.galloway@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
michael.padgett@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com