UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HOLLY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00209-TWP-KMB |
| ) | |
| SHOSHONE TRUCKING, LLC., ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT RECORD FOLLOWING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Defendant Shoshone Trucking, LLC's ("Shoshone Trucking") Motion for Leave to Supplement Record Following Entry of Final Judgment ("Motion for Leave") (Filing No. 117). Plaintiff Holly Thomas ("Thomas") initiated this lawsuit against Shoshone for violating Title VII of the Civil Rights Act of 1964. The parties stipulated as to the issue of liability, and on June 8, 2022, the Court held a bench trial on the remaining issue of Thomas' entitlement, if any, to back pay, front pay, and/or reasonable attorneys' fees. On July 6, 2022, Thomas filed her Petition for Attorney Fees and Costs ("Petition for Fees") (Filing No. 108), and on July 22, 2022, Shoshone Trucking contemporaneously filed its Response in Opposition to Thomas' Petition for Fees (Filing No. 115) and the instant Motion for Leave (Filing No. 117). The Court subsequently issued its Findings of Fact, Conclusions of Law, and Ruling Following Bench Trial, which awarded Thomas $7,868.53 in back pay and prejudgment interest (Filing No. 128). Thomas' Petition for Fees remains pending.

Shoshone Trucking seeks leave to supplement the record with evidence of amounts offered in its settlement negotiations with Thomas and an offer of judgment Shoshone Trucking made on April 6, 2022, pursuant to Federal Rule of Civil Procedure 68 (Filing No. 117 at 1). Under Federal

Rule of Civil Procedure 68(d), if the judgment the plaintiff ultimately obtains is less favorable than an unaccepted Rule 68 offer, then the plaintiff must pay the costs incurred after the offer was made and may not recover attorneys' fees for services performed after the date of the offer. Fed. R. Civ. P. 68(d); *Payne v. Milwaukee County*, 288 F.3d 1021, 1025 (7th Cir. 2002) (citing *Marek v. Chesny*, 473 U.S. 1, 10 (1985)). Additionally, "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply." *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). Shoshone Trucking's supplemental evidence is therefore relevant in determining the amount of fees and costs, if any, to which Thomas is entitled. Shoshone Trucking's Motion for Leave should therefore be **granted**.[1]

Thomas has not filed a response to Shoshone Trucking's Motion for Leave, but in her reply in support of her Petition for Fees, she requested an opportunity to file a response to Shoshone Trucking's supplemental filings (Filing No. 118 at 12). The Court will afford her that opportunity.

For the foregoing reasons, Shoshone Trucking's Motion for Leave (Filing No. 117) is **GRANTED**. Shoshone Trucking has **seven (7) days from the date of this Order** to file any supplemental evidence regarding its Rule 68 offer, final pretrial settlement offer, and its own bill of costs. Any response to Shoshone Trucking's supplemental evidence must be filed by Thomas within **seven (7) days of Shoshone Trucking's filing**.

  **SO ORDERED**.

Date: 1/25/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] The Court recognizes that Thomas' judgment for purposes of Rule 68 includes both her bench trial award and her pre-offer attorneys' fees that are recoverable under 42 U.S.C. § 1988. *Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir. 1986). But because Shoshone Trucking's Rule 68 offer was inclusive of attorneys' fees and costs (Filing No. 117 at ¶ 1), the pre-offer fees need not be determined in order to compare the Court's judgment with the Rule 68 offer. "In other words, [if the offer amount] plus some amount of fees is greater than [the trial award] plus the same amount of fees, [then the offer is] indeed more favorable than [the] ultimate judgment." *See Loveless v. McCorkle*, No. 17-cv-2206, 2020 WL 415734, at *3 n.2 (S.D. Ind. Jan. 27, 2020).

DISTRIBUTION:

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com

Cheyna Galloway
JACKSON LEWIS PC (Indianapolis)
cheyna.galloway@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
michael.padgett@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com