**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| HOLLY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00209-TWP-KMB |
| | ) | |
| SHOSHONE TRUCKING, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**
**DENYING MOTION TO COMPEL ATTORNEYS' FEE INFORMATION**

This matter is before the Court on Plaintiff's Holly Thomas' ("Thomas") Objections to United States Magistrate Judge's Order Denying Her Motion to Compel Attorneys' Fee Information (Filing No. 126), filed pursuant to Federal Rule of Civil Procedure 72. For the reasons stated below, the Court **overrules** Thomas' Objections, and adopts the Magistrate Judge's ruling.

## I.        PROCEDURAL BACKGROUND

Thomas initiated this action against Defendant Shoshone Trucking, LLC ("Shoshone") on October 8, 2020, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") (Filing No. 1).  On April 22, 2022, the parties stipulated to the entry of judgment against Shoshone on liability as to Thomas' Title VII claims and to judgment in the amount of $50,000.00 in compensatory and/or punitive damages, which is the maximum amount Thomas was entitled to under 42 U.S.C. § 1981(a)(3)(A) (Filing No. 52).  Thomas also sought and prevailed at a bench trial before the Court on the equitable issues about whether and the extent to which she should be awarded back pay, front pay, and attorneys' fees[1].  Due to the stipulation, Thomas was the

---

[1] In addition to $50,000.00 in the previously stipulated compensatory and punitive damages, the Court awarded backpay from June 27, 2020 through August 8, 2020 in the amount of $6,761.94 and $1,106.59 in prejudgment interest, totaling $7,868.53. (Filing No. 128.)

"prevailing party" on her Title VII claims and she is therefore eligible to receive reasonable attorney's fees and costs under 42 U.S.C. § 2000e-5(k).

On July 6, 2022, Thomas filed a Petition for Attorney Fees and Costs ("Fee Petition"), seeking $186,200.00 in attorney's fees, which were calculated using a $400.00 hourly rate (Filing No. 108). Thomas filed supplemental declarations from other Indiana attorneys in support of her Fee Petition on July 8 and 21, 2022 (Filing No. 111; Filing No. 113). Shoshone filed a response in opposition to the Fee Petition on July 22, 2022, raising specific objections to both the number of hours expended by and hourly rate of attorney, Mark Waterfill ("Waterfill") (Filing No. 115).

After Shoshone filed its response, a dispute arose regarding Shoshone's March 5, 2021 Responses to Thomas' Requests for Production and Answers to Interrogatories (Filing No. 121-1; Filing No. 121-2). The dispute focused on Shoshone's refusal to produce information on its attorneys' billed hours and hourly rates, which Thomas' counsel anticipates will support the reasonableness of their attorney's fee request. Counsel for the parties appeared before Magistrate Judge Debra McVicker Lynch for a discovery conference on July 26, 2022. The parties submitted further argument following the conference, and the Magistrate Judge ordered the parties to file written submissions by August 4, 2022 (Filing No. 119). On August 4, 2022, Thomas filed a Motion to Compel Attorney Fee Information ("Motion to Compel"), and Shoshone filed a response in opposition (Filing No. 120; Filing No. 122-1). Thomas filed a reply on July 29, 2022 (Filing No. 118).

On August 30, 2022, the Magistrate Judge entered an Order (the "Magistrate Judge's Order"), denying Thomas' Motion to Compel (Filing No. 125). The Magistrate Judge concluded that information regarding the number of hours Shoshone's attorneys expended on this case was irrelevant to Shoshone's specific objections to Thomas' Fee Petition, and that although information

regarding Shoshone's attorneys' hourly rates might have minimal relevance, that relevance is outweighed by the additional complexity that information would inject into Thomas' Fee Petition.

Thomas timely filed an objection to the Magistrate Judge's Order ("Thomas' Objection") (Filing No. 126), and Shoshone timely filed a response (Filing No. 127).

## II.    LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong," and the court will not modify a magistrate judge's non-dispositive, pretrial decision "simply because [it has] doubts about its wisdom or think[s] [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

### III.   DISCUSSION

Thomas argues the Magistrate Judge's Order is contrary to law because it incorrectly applies the relevance standard under Federal Rule of Evidence 401 instead of the more liberal relevance standard under Federal Rule of Civil Procedure 26 (Filing No. 126 at 2). She also argues that the Magistrate Judge committed clear error in deciding that neither the billed hours nor hourly rates of Shoshone's attorneys was relevant or discoverable. *Id.* at 2, 6, 10. The Court will address each argument in turn.

### A.   The Magistrate Judge's Order Is Not Contrary to Law

Thomas first objects to the Magistrate Judge's Order as contrary to Federal Rule of Civil Procedure 26. Thomas begins by explaining the distinction between relevance under Federal Rule of Evidence 401 and under Federal Rule of Civil Procedure 26, and the distinction between relevance and admissibility (Filing No. 126 at 3–6). Thomas emphasizes that "[t]he Federal Rules establish a liberal discovery regime, and relevancy under Rule 26 is broadly construed." *Id.* at 2 (quoting *LaPorta v. City of Chicago*, No. 14 C 9665, 2016 WL 4429746, at *3 (N.D. Ill. Aug. 22, 2016)). Thomas concludes that the Magistrate Judge "confused" the two standards and therefore "erred in refusing to compel Shoshone Trucking to provide [its] attorneys' fee information to her." *Id.* at 6.

Thomas' conclusion is wholly unsupported. Nothing in the Magistrate Judge's Order indicates that she applied a relevance standard other than that of Rule 26. The parties' briefing on the Motion to Compel cited only the Rule 26 standard, and no part of the Magistrate Judge's Order refers to or cites Federal Rule of Evidence 401. Similarly, all of the cases relied on by the Magistrate Judge in her Order apply the liberal discovery standard for relevance. *See Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 659 (7th Cir. 1985); *Fulmore v. Home Depot U.S.A., Inc.*, No. 03-CV-0797, 2007 WL 1246226, at *3 (S.D. Ind. Apr. 27, 2007). The Magistrate Judge's

4

conclusion that the requested fee information is not "relevant" is not, by itself, evidence that the Magistrate Judge applied an incorrect standard. An opposing party's attorney fee information is not automatically relevant under Rule 26, even when the opposing party disputes an attorney's fee request (Filing No. 127 at 2). The relevance of an opposing party's attorney fee information is a context-specific inquiry. *See Ohio-Sealy Mattress Mfg. Co.*, 776 F.2d at 659. And for the reasons discussed later in this Order, in the context of this case, the information requested by Thomas is not clearly relevant under Rule 26.

Thomas relies heavily on *Coleman v. Illinois*, No. 19 C 3789, 2020 WL 5752149 (N.D. Ill. Sept. 25, 2020), an unpublished decision from the Northern District of Illinois, in arguing that the requested attorney fee information is discoverable under Rule 26. *Coleman* is distinguishable and unpersuasive. In *Coleman*, the court considered whether to bar depositions "based on Defendants' assertion that Plaintiff had failed to establish that the deponents have relevant information." *Id.* at *3. Importantly, the parties in *Coleman* did not yet know what information the deponents knew. There was a possibility that information uncovered during the depositions could be relevant, and the court decided that Rule 26 at least allowed the plaintiff "to *discover* what the information is." *Id.* at *5 (emphasis in original). Here, by contrast, the parties already know what the information at issue is—the number of hours billed by Shoshone's attorneys and their hourly rates. The Magistrate Judge did not need to know what the precise number of hours or hourly rates were to determine that this type of information is not relevant to Thomas' Fee Petition. Additionally, as Shoshone notes, *Coleman* does not discuss the relevance of an opposing party's attorney fee information (Filing No. 127 at 2 n.1). The Magistrate Judge correctly applied Rule 26's relevance standard in concluding that the discovery sought by Thomas is not relevant. Thomas has not shown that the Magistrate Judge's Order is contrary to law.

**B.     The Magistrate Judge Did Not Commit Clear Error**

Thomas next argues that the Magistrate Judge clearly erred in finding that the number of hours billed by Shoshone's attorneys is not relevant, and in finding that the nominal relevance of Shoshone's attorneys' hourly rates is outweighed by the complexity that information would inject into Thomas' Fee Petition (Filing No. 126 at 6, 10). Thomas acknowledges that these relevance arguments are the same arguments she submitted to the Magistrate Judge. *Id.* at 6 ("Thomas argued to Magistrate Judge McVicker Lynch (and repeats that argument to this Court) that Shoshone Trucking's attorneys' fee information is relevant . . . ."). The Court sees no clear error in either of the Magistrate Judge's findings.

**1.     Number of Hours Billed by Shoshone's Attorneys**

Thomas argues that the number of hours billed by Shoshone's attorneys is clearly relevant because "Shoshone Trucking asked the Court to deny Thomas' attorney's fee petition, in part, because 'certain legal services [rendered by [Waterfill]] were clearly excessive in time spent'" (Filing No. 126 at 7 (quoting Filing No. 115; Filing No. 125)). Thomas contends that Shoshone should not be permitted to argue that Waterfill's hours are excessive yet not reveal its own attorneys' hours.

Thomas relies on an overgeneralization of Shoshone's objections. Shoshone does not simply argue that the total number of hours expended by Waterfill is excessive. As the Magistrate Judge explains, Shoshone specifically argues that Waterfill's hours are unreasonable because (a) he billed his time in no less than 30-minute increments; (b) he block-billed his services; (c) his time records redact the subject matter of his conferences with Thomas; and (d) he billed clearly excessive time for "certain legal services" (Filing No. 125).

In her Motion to Compel, Thomas is not requesting detailed time records from Shoshone's attorneys. She requests only the total number of hours billed by Shoshone's attorneys, the total

number of hours spent by those attorneys, and the total amount of attorneys' fees paid by Shoshone (Filing No. 121 at 8). Like the Magistrate Judge, this Court does not see how this general information would have any bearing on Shoshone's specific objections.[2] The Magistrate Judge did not commit clear error in concluding that in context of Shoshone's objections to the Fee Petition, the number of hours expended by its attorneys is not relevant.

The cases cited by Thomas fails to persuade the Court to reach a different conclusion. In *Ruppert v. Alliant Energy Cash Balance Pension*, No. 08-cv-127, 2012 WL 12996203, at *2 (W.D. Wis. Oct. 22, 2012), the court noted that the relevance of an opposing party's fee information "in any particular case may be limited," but "[b]ecause defendant [did] not raise any specific objections regarding relevance," the court allowed discovery of the information. And in *Heller v. Graf*, No. 03 C 6988, 2004 WL 2057894 (N.D. Ill. Aug. 25, 2004), the defendant's billing records were requested to show how much time defendant spent on debt collection, which was a key issue in that case. 2004 WL 2057894, at *1.

Here, the question raised by Shoshone's objections to the Fee Petition is whether Waterfill's billed time is excessive because his time was billed in half-hour increments, was block-billed, redacts necessary details, and was excessive as to specific tasks. The Magistrate Judge reasonably concluded that the total number of hours billed by Shoshone's attorneys are not relevant to its objections to the Fee Petition. Thomas has not shown the Magistrate Judge committed clear error in denying her request to compel this information.

---

[2] The Court further rejects Thomas' argument that Shoshone should be compelled to produce its attorneys' fee information because it needlessly prolonged litigation. Shoshone did not protract litigation by initially denying liability and later stipulating to liability and damages (Filing No. 126 at 7 n.1). The Court also disagrees with Thomas' characterization of this case as unreasonably litigious. The only dispositive motions in this case—Shoshone's Partial Motion to Strike and Motion for Partial Summary Judgment—were prompted by Thomas' unsuccessful attempt to assert a last-minute claim for intentional infliction of emotion distress (Filing No. 33; Filing No. 41). And prior to the instant discovery dispute, the parties raised discovery disputes with the Court only once (Filing No. 18) and did not file any motions to compel.

2.   **Shoshone's Attorneys' Hourly Rate**

Thomas lastly objects to the Magistrate Judge's conclusion that Shoshone's attorneys' hourly rates have only minimal relevance to its objections to the Fee Petition.  The Magistrate Judge stated that "[t]his is not a case in which the plaintiff's lawyer claims not to have an established market rate that should serve as the presumptively reasonable hourly rate."  (Filing No. 125 at 7.)  Shoshone raises two specific objections to Waterfill's purported $400.00 hourly rate. First, Shoshone argues that Thomas and Waterfill both previously represented that Waterfill's actual hourly rate in this case is $250.00.  *Id.* at 7–8.  As to this argument, the Magistrate Judge correctly found that "[t]he defendant's lawyer's hourly rates will have no bearing on the court's determination of whether Mr. Waterfill's actual market rate was $250 or ever was $400."  *Id.* at 8. Thomas does not appear to dispute this portion of the Magistrate Judge's Order.

Thomas instead focuses on Shoshone's second argument, "that Thomas had failed to demonstrate that the rate requested by her attorney was reasonable under the relevant market as required by the *Lodestar* method" (Filing No. 126 at 10 (arguing that "[c]ontrary to Magistrate Judge McVicker Lynch's finding, Shoshone did not limit its argument and objection to . . . the assertion that Thomas made in response to Shoshone Trucking's Interrogatory").  Thomas implies that the Magistrate Judge failed to consider Shoshone's second argument in her Order, but that is not the case.  The Magistrate Judge explained that Shoshone "challenges the persuasiveness" of attorney affidavits submitted by Thomas supporting a $400.00 hourly rate "on the grounds that [the affidavits] are either general and conclusory or are from lawyers who do not practice as plaintiff's counsel in employment cases".  (Filing No. 125 at 8.)  Shoshone's attorneys' hourly rates would hardly be useful in determining the sufficiency or persuasiveness of these affidavits.

Despite her submission of affidavits from several other Indiana attorneys, Thomas argues that "there could be little better evidence of the reasonableness of an attorneys' rate in an

employment case in Central Indiana than the evidence of Shoshone's attorneys' rates that they billed their client in this case." ([Filing No. 126 at 10](#).)  The Magistrate Judge disagreed with this argument for good reason.  By allowing Thomas to submit Shoshone's attorneys' hourly rate as evidence supporting her attorney's hourly rate, the Court would be inviting questions as to whether Shoshone's attorneys' hourly rates are themselves reasonable, as well as questions as to whether Shoshone's attorneys' services are similar enough to Waterfill's services to allow for a useful comparison—"that is, whether the market rates are similar such that the Court would be comparing apples to apples." ([Filing No. 125 at 8](#)–9; [Filing No. 127 at 5](#).)

This Court agrees that the potential nominal usefulness of Shoshone's attorneys' hourly rates is "outweighed by the additional complexity it would bring to resolving the fee petition." ([Filing No. 125 at 9](#).)  So to the extent this discovery is relevant, it is disproportionate and therefore not discoverable.  Fed. R. Civ. P. 26(b)(1).  The persuasive authority offered by Thomas to the contrary does not convince this Court that the Magistrate Judge committed clear error in deciding that the hourly fee information is not relevant ([Filing No. 126 at 11](#) (citing *Ruppert*, which the Court has already distinguished, a 1979 case from Georgia, and a 1988 case from New Jersey)). Thomas has not shown that the Magistrate Judge committed clear error by denying Thomas' request to compel this information.

## IV.   **CONCLUSION**

For the foregoing reasons, Holly Thomas' Objections to the Magistrate Judge's Order Denying Her Motion to Compel Attorneys' Fee Information ([Filing No. 126](#)) are **OVERRULED;** the Court **ADOPTS** the Magistrate Judge's ruling ([Filing No. 125](#)), and the Motion to Compel ([Filing No. 120](#)) is **DENIED**.

**SO ORDERED**.

Date:  __2/23/2023_____

9

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com

Cheyna Galloway
JACKSON LEWIS PC (Indianapolis)
cheyna.galloway@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
michael.padgett@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com